### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERRY LEE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 17-3175-CSB |
| | ) | |
| | ) | |
| WARDEN CAMERON WATSON, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

**ERIC I. LONG, U.S. Magistrate Judge:**

This cause is before the Court on Defendant's motion to enforce settlement agreement.

At the Parties' request, United States District Judge Colin S. Bruce referred this case to the undersigned in order to conduct a settlement conference. On January 17, 2019, the undersigned conducted a settlement conference. At the conclusion of that conference, the Parties confirmed—on the record—that they had reached a settlement in this case. Accordingly, the Court gave the Parties thirty-five (35) days within which to file a stipulation of dismissal based upon the settlement agreement that the Parties had reached.

However, this thirty-five-day time period expired without the Parties filing a stipulation of dismissal as ordered by the Court. Therefore, on March 11, 2019, the Court ordered defense counsel either to file a stipulation or to file a status report indicating why a stipulation could not be submitted. In the interim, Plaintiff filed

several motions, all of which the Court denied in light of the purported settlement

agreement reached during the settlement conference.  When defense counsel still had

not filed a stipulation or a status report on the settlement, the Court again ordered

defense counsel on May 9, 2019, to file a stipulation to dismiss or to file a status report

with the Court.

On May 10, 2019, defense counsel finally complied.  In his response, defense

counsel represented that Plaintiff was refusing to sign the settlement agreement and the

stipulation to dismiss for various reasons.  Accordingly, Defendant asked the Court to

enforce the settlement agreement that the Parties reached on January 17, 2019.  Plaintiff

filed a response to Defendant's motion to enforce the settlement agreement that has

nothing to do with the settlement agreement and does not address why the Court

should or should not enforce the settlement agreement reached by the Parties.

The Court finds that this case has been settled by the Parties and will dismiss it

as such.  Oral settlement agreements are enforceable under federal law provided that all

contract formalities have established. *Taylor v. Gordon Flesch Co., Inc.,* 793 F.2d 858, 862

(7th Cir. 1986).  More specifically, "Illinois law governs the enforceability of the

settlement agreement." *Montgomery v. Village of Posen*, 711 F. App'x 343, 345 (7th Cir.

2018)(citing *Lewis v. Sch. Dist. No. 70*, 648 F.3d 484, 486 n.1 (7th Cir. 2011)).  In order to

enforce an oral settlement agreement, three elements must be shown: (1) an offer was

made by one party, (2) accepted by the other, and (3) consideration was exchanged.

*Centurylink v. BBC Elec. Servs., Inc.,* 2013 WL 5461097, * 1 (N.D. Ind. Sept. 26, 2013); *Hyde

Park Union Church v. Curry,* 942 F. Supp. 360, 363 (N.D. Ill. 1996).  The parties must

knowingly and voluntarily enter into the agreement either personally or by providing

their attorneys with authority to settle. *Hartman v. Hook–Superx Inc.*, 42 F.Supp.2d 854,

855 (S.D. Ind. 1999).

> Furthermore,

> A settlement agreement need not be in writing, so long as there was an offer and acceptance and there is a meeting of the minds as to the terms of the agreement. *Quinlan v. Stouffe,* 355 Ill.App.3d 830, 837, 291 Ill. Dec. 305, 823 N.E.2d 597 (2005).  Like any other contract, the essential terms of the settlement agreement must be definite and certain for it to be enforceable. *Quinlan,* 355 Ill.App.3d at 837–38, 291 Ill. Dec. 305, 823 N.E.2d 597.  An evidentiary hearing regarding the formation and terms of a settlement agreement may be appropriate when there is a disputed issue on that point and additional evidence or testimony is required to satisfactorily resolve the issue. *Pritchett,* 332 Ill.App.3d at 899, 266 Ill. Dec. 207, 773 N.E.2d 1277; *Janssen Brothers, Inc.,* 12 Ill.App.3d at 843, 299 N.E.2d 431.

*City of Chicago v. Ramirez*, 366 Ill. App. 3d 935, 946, 852 N.E.2d 312, 324 (Ill. Ct. App.

2006).

Here, all of the elements necessary for the Court to find that the Parties reached a

settlement and to enforce that agreement are present.  Defendant made an offer to settle

the case.  Plaintiff accepted that offer.  Consideration was present as part of the offer

and acceptance.  Nothing more is necessary.

Notably, Plaintiff confirmed his understanding of the agreement and expressed

his desire to be bound by the terms of the settlement at the conclusion of the settlement

conference. *See* Tape #UR-B, January 17, 2019, 12:22 p.m.  Plaintiff cannot now change

his mind or seek to include other terms and conditions to the settlement agreement that

was not part of the agreement reached by the Parties in January 2019.

3

IT IS, THEREFORE, RECOMMENDED:

1.      That the Court grant Defendant's motion to enforce settlement [79].

2.      That this case be dismissed with prejudice and that all pending motions be denied as moot.

3.      That Defendant be required to make the payment to Plaintiff that was part of the settlement agreement as soon as possible.

4.      That the Court waive the remaining filing fee balance of $335.93 in this case pursuant to the settlement and that the Court direct the Clerk of the Court to forward a copy of its Order to the Court's Finance Department.

5.      That the Court direct the Clerk of the Court to forward a copy of this Order to the Institution's Trust Fund Department at the IDOC facility where Plaintiff is being housed and that Trust Fund Department be ordered to stop taking funds from Plaintiff's trust fund account, pursuant to the Court's earlier Order in this case, as payment for the filing fee in this case.

6.      That the Court make clear that any such Order does not affect the Trust Fund Department's responsibility to forward payments ordered to be made from Plaintiff's trust fund account by other courts or for other filing fees to be paid in other cases filed by Plaintiff.

7.      That the Court direct the Clerk of the Court to unseal the record made in this case of the Parties' confirming the terms of the settlement agreement and further direct the Clerk to make that recording a part of the docket. Tape #UR-B, January 17, 2019, 12:22 p.m.

8. **The parties are advised that any objection to this Report and Recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation.** *See* **28 U.S.C. § 636(b)(1). Failure to object timely will constitute a waiver of objections on appeal.** *Video Views, Inc. v. Studio 21, Ltd.*, **797 F.2d 538, 539 (7th Cir. 1986).**

ENTERED this 17th day of May, 2019

                    s/ Eric I. Long
                    ERIC I. LONG
                    UNITED STATES MAGISTRATE JUDGE