# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERRY LEE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 17-3175-CSB |
| | ) | |
| | ) | |
| WARDEN CAMERON WATSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Defendant's motion to enforce settlement agreement, on United States Magistrate Judge Eric I. Long's Report & Recommendation ("R&R") that Defendant's motion to enforce settlement agreement be granted, on Plaintiff's objections to Magistrate Judge Long's R&R, and on Plaintiff's other pending motions.

Before addressing any other issue, the Court must address Plaintiff Jerry Lee Lewis' motion asking that the undersigned be disqualified from presiding over this case. Although the basis for his motion is not entirely clear, Plaintiff has listed, in his motion for disqualification, certain rulings issued by the Court in this case. Therefore, the Court understands Plaintiff's claim to be that the undersigned is biased against him based upon the rulings that the Court has issued. Plaintiff has interpreted the Court's rulings and the denial of his motions as demonstrating some type of collusion between the undersigned and Defendants and also as an attempt by the undersigned to hide the

1

Constitutional wrongs being inflicted upon him and other inmates within the Illinois Department of Corrections ("IDOC"). Accordingly, Plaintiff asks that the undersigned by disqualified as acting as the presiding judge in this case.

Simply put, there is no reason for the undersigned to recuse himself in this case. The statutory ground for a judge to recuse himself takes two forms. Title 28 U.S.C. § 455(a) requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." *Id*. "The purpose of the statute 'is to preserve the appearance of impartiality.'" *Weddington v. Zatecky*, 721 F.3d 456, 461 (7th Cir. 2013)(quoting *United States v. Johnson,* 680 F.3d 966, 979 (7th Cir. 2012)). The statute also requires a judge to recuse himself if, among other things, he has "a personal bias . . . concerning a party . . . ." 28 U.S.C. § 455(b)(1).

Therefore, recusal is required under § 455 "whenever there is 'a reasonable basis' for finding an 'appearance of partiality under the facts and circumstances' of the case." *Pepsico, Inc. v. McMillen*, 764 F.2d 458, 460 (7th Cir. 1985)(quoting *SCA Servs., Inc. v. Morgan*, 557 F.2d 110, 116 (7th Cir. 1977)). A judge must remain mindful, however, that "needless recusals exact a significant toll" and "should exercise care in determining whether recusal is necessary, especially when proceedings already are underway." *In re United States*, 572 F.3d 301, 308 (7th Cir. 2009) (noting that "[a] change of umpire mid-contest may require a great deal of work to be redone and facilitate judge-shopping") (internal quotations and citation omitted). Section 455(a) does not require recusal simply because a judge has formed an opinion, rather it only requires recusal if the "opinion is somehow wrongful or inappropriate, either because it is undeserved, or

2

because it rests upon knowledge that [the judge] ought not possess, . . . or because it is excessive in degree." *Liteky v. United States*, 510 U.S. 540, 550 (1994).

In addition, 28 U.S.C. § 144 requires a judge to recuse himself upon a showing of "actual bias." *Id*.; *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004). "Only personal animus or malice on the part of the judge can establish bias." *Fairley v. Andrews*, 423 F. Supp. 2d 800, 803 (N.D. Ill. 2006)(quoting *Hoffman*, 368 F.3d at 718). "A trial judge has as much of an obligation not to recuse himself when there is no occasion for him to do so under § 144 as there is for him to do so when the converse prevails." *Hoffman*, 368 F.3d at 717 (quoting *United States v. Ming*, 466 F.2d 1000, 1004 (7th Cir. 1972)). Judicial rulings alone almost never constitute a valid basis for disqualification. *Id.* at 718 (citing *Liteky*, 510 U.S. at 555).

"Recusal under § 144 is mandatory once a party submits a timely and sufficient affidavit and her counsel presents a certification stating that the affidavit is made in good faith." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993). "A § 144 affidavit is timely if it is filed at the earliest moment after the movant acquires knowledge of the facts that demonstrate the basis for the disqualification." *Franzen v. Ellis Corp.*, 2004 WL 406822, * 1 (N.D. Ill. Feb. 12, 2004).

In the instant case, the undersigned possesses no bias against Plaintiff. Therefore, the undersigned will not recuse himself pursuant to 28 U.S.C. § 144. The undersigned had no knowledge of or dealings with Plaintiff prior to his filing this suit. Moreover, Plaintiff has not filed the affidavit required by § 144. Plaintiff has simply based his recusal motion upon the Court's rulings on his motions, but as noted above,

3

judicial rulings alone seldom constitute a valid basis for disqualification. *Hoffman*, 368 F.3d at 717. Because the undersigned possesses no actual bias against Plaintiff, the Court finds that its rulings on his various motions do not constitute a proper basis for disqualification under 28 U.S.C. § 144.

Likewise, the Court finds that its rulings upon Plaintiff's motions do not constitute proper grounds for disqualification under 28 U.S.C. § 455. "Judicial rulings, routine trial administration efforts, and ordinary admonishments are not grounds for recusal." *Secrease v. W. & S. Life Ins. Co.*, 2015 WL 7096295, * 3 (S.D. Ind. Nov. 12, 2015). In order to justify recusal under § 455(a), the impartiality of which a judge is accused must almost always be extrajudicial. *Id.*; *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001); *Spangler v. Sears, Roebuck & Co.*, 759 F. Supp. 1327, 1332 (S.D. Ind. 1991)("[I]t is axiomatic that a motion to recuse because of the appearance of partiality may not be based merely upon unfavorable judicial rulings regardless of the correctness of those rulings."). Accordingly, "[w]hen a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no such source is apparent, the motion should be denied." *Sprinpangler,* 759 F. Supp. at 1329 (citing *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988)).

Here, Plaintiff has not set forth any extrajudicial source for the undersigned's alleged bias against him. Instead, Plaintiff cites his dissatisfaction with prior rulings, but Plaintiff's dissatisfaction is not evidence of bias, nor is it a valid basis for a change of judge. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)("alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on

4

the merits on some basis other than what the judge has learned from his participation in the case").

In short, the undersigned possesses no actual bias against Plaintiff, and therefore, recusal is not required under 28 U.S.C. § 144. Likewise, Plaintiff has cited no extrajudicial source of any alleged bias by the undersigned (because none exists), and therefore, recusal is not necessary under 28 U.S.C. § 455 because a reasonable person would not perceive a significant risk that the undersigned will resolve the case on a basis other than on the merits. *Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Co., Ltd.*, 2015 WL 9051333, * 5 (E.D. Wis. Dec. 16, 2015).

Turning to Plaintiff's objections to Magistrate Judge Long's R&R and to Defendant's motion to enforce settlement agreement, after a careful *de novo* review, Plaintiff's objections to the R&R are overruled. Magistrate Judge Long's R&R is accepted and adopted. And, Defendant's motion to enforce settlement agreement is granted.

As Magistrate Judge Long correctly noted, oral settlement agreements are enforceable under federal law provided that all contract formalities have established. *Taylor v. Gordon Flesch Co., Inc.*, 793 F.2d 858, 862 (7th Cir. 1986). More specifically, "Illinois law governs the enforceability of the settlement agreement." *Montgomery v. Village of Posen*, 711 F. App'x 343, 345 (7th Cir. 2018)(citing *Lewis v. Sch. Dist. No. 70*, 648 F.3d 484, 486 n.1 (7th Cir. 2011)). In order to enforce an oral settlement agreement, three elements must be shown: (1) an offer was made by one party, (2) accepted by the other, and (3) consideration was exchanged. *Centurylink v. BBC Elec. Servs., Inc.*, 2013 WL

5

5461097, * 1 (N.D. Ind. Sept. 26, 2013); *Hyde Park Union Church v. Curry*, 942 F. Supp. 360, 363 (N.D. Ill. 1996). The parties must knowingly and voluntarily enter into the agreement either personally or by providing their attorneys with authority to settle. *Hartman v. Hook–Superx Inc.*, 42 F.Supp.2d 854, 855 (S.D. Ind. 1999).

Here, the Court agrees with Magistrate Judge Long that the Parties reached an oral settlement agreement at the conclusion of the mediation. Plaintiff confirmed that agreement and his understanding of the agreement to Magistrate Judge Long on the record. Accordingly, the Court agrees that the Parties have reached an enforceable settlement agreement.

Plaintiff's objections are overruled. Although Plaintiff claims that the settlement agreement that he is now being forced to accept was not the original settlement agreement to which he had agreed with Magistrate Judge Long, he offers no proof of his assertion. Magistrate Long placed the settlement terms of the Parties on the record. Plaintiff acknowledged his agreement to those terms and to his understanding of those terms, and that is the agreement that the Court is enforcing.

As for Plaintiff's second argument regarding the alleged collusion engaged in by the undersigned as evidenced by the Court's rulings, the Court has adequately addressed Plaintiff's disqualification argument *supra*. As for all of Plaintiff's other pending motions, they are denied as moot in light of the settlement agreement.

**IT IS, THEREFORE, ORDERED:**

1. **Plaintiff's motion to disqualify [77] is DENIED.**

6

2. **United States Magistrate Judge Eric I. Long's Report and Recommendation [84] is ACCEPTED AND ADOPTED by the Court.**

3. **Plaintiff's objections to United States Magistrate Judge Eric I. Long's Report and Recommendation [85] are OVERRULED.**

4. **Defendant's motion to enforce settlement [79] is GRANTED.**

5. **Pursuant to the terms of the Parties' settlement agreement, Defendant is ORDERED to make the settlement payment to Plaintiff that was part of the settlement agreement as soon as possible.**

6. **The Court waives the remaining filing fee balance of $335.93 in this case pursuant to the Parties' settlement agreement. The Clerk of the Court is directed to forward a copy of its Order to the Court's Finance Department in Peoria, Illinois.**

7. **The Clerk of the Court is further directed to forward a copy of this Order to the Institution's Trust Fund Department at the IDOC facility where Plaintiff is being housed, and the Trust Fund Department is ORDERED to stop taking funds from Plaintiff's trust fund account, pursuant to the Court's earlier Order in this case, as payment for the filing fee in this case.**

8. **However, this Order does not affect the Trust Fund Department's responsibility to forward payments ordered to be made from Plaintiff's trust fund account by other courts or for other filing fees to be paid in other cases filed by Plaintiff in this or in any other court.**

9. The Clerk of the Court is directed to unseal the record made in this case of the Parties' confirming the terms of the settlement agreement and is further directed to make that recording a part of the docket. Tape #UR-B, January 17, 2019, 12:22 p.m.

10. Based upon the Parties' settlement agreement, this case is CLOSED. No judgment to enter. All other pending motions are DENIED as moot.

ENTERED this 6th day of June, 2019

                                                s/ Colin S. Bruce
                                                COLIN S. BRUCE
                                          UNITED STATES MAGISTRATE JUDGE